IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

In re:

    FEDERAL MOGUL ET AL.,

               Debtors.

COOPER INDUSTRIES,

               Appellant,

v.                                                                                        CIVIL ACTION NO. 05-41 JHR

                                                                               Bankruptcy Case 01-10578

FEDERAL MOGUL GLOBAL ET AL.,

               Appellees.

**APPELLANT COOPER INDUSTRIES, LLC'S OPPOSITION TO APPELLEES'
MOTION FOR LEAVE TO SUPPLEMENT RECORD ON APPEAL INSTANTER**

      Appellant Cooper Industries, LLC (successor by merger to Cooper Industries, Inc.) ("Cooper") hereby submits its opposition to the Appellees' Motion for Leave to Supplement Record On Appeal Instanter (the "Supplement Motion"). In support hereof, Cooper states as follows:

                               **I.     INTRODUCTION**

      In the Supplement Motion, the Appellees move to supplement the record on appeal by adding a Proof of Claim filed by Pneumo Abex Corporation against Federal-Mogul Products, Inc (the "Pneumo POC"). The Appellees' Supplement Motion should be denied because Federal Rule of Bankruptcy Procedure 8006 does not provide for a supplemental designation, especially one filed at this late date. Further, the Appellees never presented the Pneumo POC, or any argument concerning it, to the Bankruptcy

1093402

Court (either in briefing or at the hearing). As a result, Cooper never had an opportunity to challenge the factual assertions the Appellees are now making concerning the scope and nature of the Pneumo POC. Specifically, the Pneumo POC does not appear to assert the same liquidated claims upon which Cooper is basing its right to vote. Had the Appellees raised their arguments concerning the Pneumo POC below, the Bankruptcy Court would have had an opportunity to resolve these factual issues. Not having done so, the Appellees cannot belatedly interject this issue on appeal.

## II.   ARGUMENT

Cooper requests the Court to deny the Supplement Motion. First, the time for designating items for inclusion in the record on appeal passed long ago, and there is no provision for filing a supplemental designation. *See* Fed. R. Bankr. P. 8006 (requiring appellee to file a designation of additional items to be included on appeal within 10 days after appellant files and serves its designation of items to be included on appeal). For these very reasons, the Third Circuit has rejected a supplemental designation of items to be included on appeal that was filed after the ten day period for doing so. *See Abrahams v. Kindred Healthcare Inc. (In re Vencor Inc.)*, Case No. 03-2670, 2004 WL 843283 at ** 2–3 (3d Cir. April 21, 2004). In *Abrahams*, the appellants filed a "Corrected Designation of Record" after the ten day period allowed by Rule 8006 and in a circumstance where the appellee had not filed a cross appeal. *See id.* at *1. The District Court granted the appellee's motion to strike the designation. The Third Circuit affirmed, noting "[u]nder Federal Rule of Bankruptcy Procedure 8006, there is no provision for a 'Corrected' Designation." *Id.* at *2. Further, the Third Circuit held that the designation was untimely because

2

1093402

> even if Appellants had been permitted by the rule to file an additional designation, they filed the Corrected Designation too late. Rule 8006 plainly states that the cross appellee must file its designation of additional items within 10 days of service of the cross appellant's statement. . . . Therefore, even if a corrected designation were permitted under Rule 8006, Appellants exceeded the time limitation for doing so.

*Id.* at *3. These principles apply to the situation at hand because Cooper filed its designation of items to be included in the record on appeal two months ago, on January 3, 2005. *See* Entry Number 6757 on Docket for Bankruptcy Case Number 01-10578 (RTL), attached hereto as Exhibit A. The Appellees waited until they filed their Appellees' Brief before even attempting to supplement the record. This should not be permitted.

Second, despite the Appellees' claimed "inadvertence" in failing to designate the Pneumo POC for inclusion in the appellate record, the fact is *the Appellees did not present the Pneumo POC to the Bankruptcy Court*, and the Bankruptcy Court did not consider the Pneumo POC, during the proceedings that led to this appeal.[1] Further, Cooper's counsel that litigated the voting issues in the Bankruptcy Court was not aware of its existence. Although this Court is not absolutely barred from doing so (assuming an item was properly designated in the first place per Rule 8006), in acting as an appellate court in bankruptcy, this Court should not consider evidence that was not presented to the Bankruptcy Court because Cooper did not have a fair opportunity to rebut that evidence and put it into perspective. *See Nantucket Investors II v. Cal. Fed. Bank (In re Indian Palms Assoc., Ltd.)*, 61 F.3d 197, 205 (3d Cir. 1995) (noting that, on appeal, appellate

---

[1] The Appellees never suggested in any of the pleadings related to Cooper's voting rights, or during the December 2, 2004 hearing with respect thereto, that Pneumo Abex had filed a proof of claim or that such an event should have an impact on Cooper's votes.

court might decide not to consider items not specifically presented to bankruptcy court because "each litigant should be given a fair opportunity to rebut and put into perspective evidence admitted against its position."); *see also Mellon Bank, N.A. v. Delaware & Hudson Ry.*, 129 B.R. 388, 396 (D. Del. 1991) (refusing to consider issue raised on appeal where party had "failed to fully present the facts relevant to [the issue] to the bankruptcy judge.").

Indeed, the District Court for the District of New Jersey has stated that, during bankruptcy appeals, "this Court is limited to review of the evidence before the Bankruptcy Court and which was made a part of the record at the time the . . . decision was rendered." *Halvajian v. Bank of N. Y. (In the Matter of Halvajian)*, 216 B.R. 502, 509 (D.N.J. 1998); *accord Gessman v. U.S. (In re Applied Paging Tech., Inc.)*, 250 B.R. 496, 499 (D.N.J. 2000) ("The District Court is limited to the factual record before the Bankruptcy Court."). Other courts have agreed with that assessment. *See, e.g., Davis v. Suderov (In re Davis)*, 169 B.R. 285, 293 (E.D.N.Y. 1994) ("[O]n appeal from an order of the bankruptcy court, the district court should not consider any evidence not before the bankruptcy court at the original hearing."); *Commercial Credit Corp. v. Reed*, 154 B.R. 471, 474 (E.D. Tex. 1993) ("A District Court, acting as an appellate court in a bankruptcy case, may consider only evidence which was presented before the Bankruptcy Court and made part of the record.")

The reasons for not allowing a party on appeal to include evidence and factual contentions that were not submitted in the lower court are clear: Such factual issues cannot be fully and properly developed on appeal. This case is a perfect example. Here, the Appellees have requested belated permission to include the Pneumo POC in the

record on appeal, even though they never raised its existence with the Bankruptcy Court below. In support, they claim that the Pneumo POC "is an essential piece of evidence *regarding an issue of fact* . . . ." Supplement Motion, p. 2 (emphasis added). Thus, they invite this Court to "assess the nature and scope of the Proof of Claim filed by Pneumo-Abex." Supplement Motion p. 3. However, as the Appellees themselves admit, that assessment is a factual endeavor that would require this Court to evaluate whether the claims for which Cooper is asserting voting rights are the same claims contained in the Pneumo POC. Although, as described below, an analysis of the four corners of the Pneumo POC indicates that the claims asserted therein are *not* the same claims upon which Cooper is basing its voting rights, this is a factual determination that should have been addressed below and that should not be made for the first time on appeal.

As stated in the Opening Brief of Appellant Cooper Industries, LLC dated February 9, 2005 ("Cooper's Brief"), Cooper voted 47,774 claims. *See* Cooper's Brief, p. 15. These votes were based on "the number of asbestos claims that [Cooper] had satisfied on behalf of FM Products, as well as Pneumo [Abex Corporation] . . . ." *See* Cooper's Brief, p. 14. In contrast, the Pneumo POC appears to assert entirely different claims.

The Pneumo POC first asserts a claim for $1,242,843.03 against debtor Federal-Mogul Products, Inc. ("FM Products") with respect to "expenses incurred in connection with providing to the Debtor insurance benefits associated with Asbestos Claims." *See* Pneumo POC, annexed to Supplement Motion as Exhibit A, at ¶ 13. Unlike Cooper's claims, that claim is not based on paying asbestos claimants themselves. Next, the Pneumo POC asserts a claim for $947,772.36 "in order to secure Cooper's compliance

[under the Cooper guaranty to Pneumo], a cost expended because, and only because, the Debtor stopped performing on the Petition Date." Pneumo POC, ¶ 14. Again, unlike the claims forming Cooper's voting rights, this claim is not based on paying asbestos claimants, but was the expense Pneumo Abex allegedly incurred in securing Cooper's compliance with its obligations to Pneumo Abex. Thus, the total liquidated amount of the Pneumo POC is $2,190,615.39, which represents the total amount Pneumo Abex was out-of-pocket. In contrast, Cooper's total liquidated claim exceeds $130,000,000, which amply demonstrates that these claims are not identical. *See* Cooper's Brief, p. 13.

In addition to these liquidated claims, the Pneumo POC asserts certain claims that "cannot presently be liquidated." Pneumo POC, ¶ 15. These claims fall in the following categories: (1) "Reimbursement of Legal Fees and Expenses Associated with Abex Corporation v. Maryland Casualty Company, et al." (Pneumo POC, category C [sic] on p. 7); (2) "Reimbursement of Legal Fees and Expenses Related to the Arbitration Between Claimant and PepsiAmericas styled as: Whitman Corporation v. Pneumo Abex Corporation, pursuant to Demand for Arbitration, dated October 22, 1999" (Pneumo POC, category B on p. 8); (3) "Reimbursement of Legal Fees and Expenses Related to the Pursuit of Excess Insurance Coverage" (Pneumo POC, category C on p. 9); (4) "Reimbursement of Legal Fees and Expenses Related to an Arbitration Against Cooper styled as: Mafco Consolidated Group Inc. and Pneumo Abex Corporation v. Cooper Industries, Inc., pursuant to Demand for Arbitration, dated November 20, 2001" (Pneumo POC, category D on p. 10); and (5) "Contingent Claim Related to Potential Environmental Clean-Up Liability at the Cambridge, Ontario Site of Federal-Mogul

Canada" (Pneumo POC, category E on p. 11). None of these claims represent funds paid to asbestos claimants.

Indeed, the fact that the Pneumo POC does not assert that Pneumo Abex actually paid or incurred any losses directly to asbestos claimants is made explicit in category F of the Pneumo POC, which is set out in its entirety below. That category is titled "Asbestos Claims", and therein Pneumo Abex states that it has not incurred any costs to pay any asbestos claimants *because Cooper has done so on its behalf*:

> As noted above, the Debtor stopped performing its APA obligations with respect to the Asbestos Claims on the Petition Date. Since that time, either (a) *Cooper has performed under its Guaranty in a way that has caused Claimant not to advance any of its own funds with respect to the defense or settlement of Asbestos Claims* or (b) Cooper or insurance has reimbursed the funds that Claimant has advanced. Nonetheless, Claimant asserts a *contingent* claim for the indemnification of any and all expenses that *may* be incurred and would be attributable to the Debtor with respect to the Asbestos Claims. The amount of such contingent claim cannot be reasonably calculated or estimated, but Claimant does not waive its right to seek such indemnification by not stating a specific amount at this time.

Pneumo POC, ¶ 25 (emphasis added). This paragraph makes clear that Pneumo Abex had not incurred any out-of-pocket losses for payments made directly to asbestos claimants, and that Cooper had paid such claims instead. Thus, Pneumo apparently submitted this paragraph as a precaution in the event that Cooper stopped paying such claims on behalf of Pneumo and FM Products in the future.

Pneumo's contingent claim for any potential *future* losses does not appear to overlap with Cooper's claims with respect to asbestos claimants that Cooper has *already paid*. Moreover, there is no evidence in the record concerning whether the Pneumo POC was already resolved or disposed of in some manner. An appeal is not the appropriate method for resolving such factual issues.

1093402

### III.  CONCLUSION

The Appellees are asking this Court to add to the appellate record what they claim is "an essential piece of evidence regarding an issue of fact . . ." Supplement Motion, p. 2.  This request is not permitted under Fed. R. Bankr. P. 8006.  Moreover, if the Pneumo POC was truly an essential piece of evidence, the Appellees should have presented it to the Bankruptcy Court so that Cooper could have properly challenged the Appellees' assertions, including by taking discovery if necessary.  By not doing so, Cooper has been deprived of that opportunity.  Moreover, a review of the Pneumo POC's four corners indicates that the claim does not even overlap with the claims upon which Cooper bases its voting rights.  As a result, the Appellees should not be permitted to supplement the appellate record with an item that the Bankruptcy Court never considered.

DATED:  March 3, 2005

Respectfully submitted,

MORRIS, JAMES, HITCHENS
& WILLIAMS LLP

_/s/ Stephen M. Miller_
Stephen M. Miller (DE Bar No. 2610)
222 Delaware Avenue
Wilmington, DE  19801
Telephone:  (302) 888-6853
Telecopy:  (302) 571-1750
Email:  smiller@morrisjames.com

1093402

AND

**GIBSON, DUNN & CRUTCHER LLP**
Michael A. Rosenthal
Aaron G. York
Jeremy B. Coffey
2100 McKinney Avenue, Suite 1100
Dallas, Texas 75201
Telephone: (214) 698-3100
Telecopy: (214) 698-3400
Email: mrosenthal@gibsondunn.com
Email: ayork@gibsondunn.com
Email: jcoffey@gibsondunn.com

Attorneys for Cooper Industries, LLC

50203124_2.DOC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: )<br>)<br>FEDERAL-MOGUL GLOBAL, INC., )<br>    et al., )<br>)<br>    Debtor. )<br>) | |
| COOPER INDUSTRIES, INC., )<br>)<br>    Appellant, )<br>)<br>v. )<br>)<br>FEDERAL-MOGUL GLOBAL, INC., et al., )<br>)<br>    Appellees. )<br>) | Civil Action No. 05-41 JHR<br><br>Bankruptcy Case 01-10578 |

### AFFIDAVIT OF KIM RAULSOME, PARALEGAL

STATE OF DELAWARE  :
                  : SS
NEW CASTLE COUNTY :

    I, Kim Raulsome, certify that I am, and at all times during the service, have been an employee of Morris, James, Hitchens & Williams LLP, not less than 18 years of age and not a party to the matter concerning which service was made. I certify further that on March 3, 2005, I caused service of the following:

**APPELLANT COOPER INDUSTRIES, LLC'S OPPOSITION TO APPELLEES' MOTION FOR LEAVE TO SUPPLEMENT RECORD ON APPEAL INSTANTER**

    Service was completed upon the parties on the attached list in the manner indicated thereon.

Date: March 3, 2005

                                                                        Kim Raulsome

        SWORN AND SUBSCRIBED before me this 3rd day of March, 2005.

                                                                        NOTARY
                                                                       My commission expires: _____

KRX/108102-0001/1093139/1

**VIA HAND DELIVERY**

Laura Davis Jones, Esq.
James E. O'Neill, Esq.
PACHULSKI, STANG, ZIEHL, YOUNG,
JONES & WEINTRAUB P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19801
*(Counsel for the Debtors and Debtors-In-Possession)*

Frank Perch, Esq.
Office of the U.S. Trustee
844 King Street
Suite 2313, Lockbox 35
Wilmington, DE 19801
*(U.S. Trustee)*

Mark D. Collins, Esq.
RICHARDS, LAYTON & FINGER
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
*(Counsel for JP Morgan Chase Bank, as Administrative Agent)*

Charlene D. Davis, Esq.
Eric Sutty, Esq.
THE BAYARD FIRM
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
*(Counsel to the Creditors' Committee)*

Marla Eskin, Esq.
Kathleen Campbell, Esq.
CAMPBELL & LEVINE LLC
800 North King Street, Suite 300
Wilmington, DE 19801
*(Counsel for Official Committee of Asbestos Claimants)*

**VIA HAND DELIVERY**

Theodore J. Tacconelli, Esq.
Rick S. Miller, Esq.
FERRY, JOSEPH & PEARCE, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899
*(Counsel for the Official Committee of Asbestos Property Damage Claimants)*

James L. Patton, Jr., Esq.
Edwin J. Harron, Esq.
Maribeth L. Minella, Esq.
YOUNG, CONAWAY, STARGATT &
TAYLOR, LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 10900-0391
*(Counsel for Eric D. Green, the Futures Representative)*

**VIA FEDERAL EXPRESS**

Larry J. Nyhan, Esq.
James F. Conlan, Esq.
Kevin T. Lantry, Esq.
Kenneth P. Kansa, Esq.
SIDLEY AUSTIN BROWN & WOOD
Bank One Plaza
10 South Dearborn Street
Chicago, IL 60603
Facsimile: (312) 853-7036
*(Counsel for the Debtors and Debtors-In-Possession)*

**VIA FEDERAL EXPRESS**

Catherine L. Cooksey, Esq.
Richard T. Peters, Esq.
Kevin T. Lantry, Esq.
SIDLEY AUSTIN BROWN & WOOD
555 West 5th Street, Suite 4000
Los Angeles, CA 90013
Facsimile: (213) 896-6600
*(Counsel for the Debtors)*

Steven M. Fuhrman, Esq.
SIMPSON, THACHER & BARTLETT
425 Lexington Avenue
New York, N.Y. 10017-3954
Facsimile: (212) 455-2502
*(Counsel for JP Morgan Chase Bank, as Administrative Agent)*

Gregory D. Willard, Esq.
BRYAN CAVE LLP
211 North Broadway
St. Louis, MO 63102
Facsimile: (314) 259-2020
*(Counsel to the Agent for the Debtors' Prepetition Secured Lenders and Counsel to the Agent for the Debtors' Postpetition Lenders)*

Peter D. Wolfson, Esq.
John A. Bicks, Esq.
SONNENSCHEIN, NATH &
ROSENTHAL LLP
1221 Avenue of the Americas
24th Floor
New York, N.Y. 10020
Facsimile: (212) 768-6800
*(Counsel to the Creditors' Committee)*

**VIA FEDERAL EXPRESS**

Robert B. Millner, Esq.
Thomas A. Labuda, Jr., Esq.
SONNENSCHEIN, NATH &
ROSENTHAL LLP
8000 Sears Tower
Chicago, IL 60606
Facsimile: (312) 876-7934
*(Counsel to the Creditors' Committee)*

Michael Yetnikoff, Esq.
David Heroy, Esq.
BELL, BOYD & LLOYD LLC
70 West Madison Street
Three First National Plaza
Suite 3300
Chicago, IL 60602
Facsimile: (312) 827-8000
*(Counsel to Equity Committee)*

Peter Van N. Lockwood, Esq.
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle, N.W.
Washington, DC 20005
Facsimile: (202) 429-3301
*(Counsel for Official Committee of Asbestos Claimants)*

Elihu Inselbuch, Esq.
CAPLIN & DRYSDALE, CHARTERED
399 Park Avenue
New York, N.Y. 10022
Facsimile: (212) 644-6755
*(Counsel for Official Committee of Asbestos Claimants)*

**VIA FEDERAL EXPRESS**

Martin J. Bienenstock, Esq.
Michael P. Kessler, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Facsimile: (212) 310-8007
*(Counsel for the Official Committee of
Asbestos Property Damage Claimants)*

Ian Connor Bifferato, Esq.
Megan N. Harper, Esq.
BIFFERATO BIFFERATO &
GENTILOTTI
1308 Delaware Avenue
P.O. Box 2165
Wilmington, DE 19899-2165
Facsimile: (302) 429-8600
*(Counsel to Equity Committee)*