IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

In re:

    FEDERAL MOGUL ET AL.,

        Debtors.

COOPER INDUSTRIES,

        Appellant,

v.

FEDERAL MOGUL GLOBAL ET AL.,

        Appellees.

CIVIL ACTION NO. 05-41 JHR

Bankruptcy Case 01-10578

**APPELLANT COOPER INDUSTRIES, LLC'S MOTION TO
STRIKE PORTIONS OF APPELLEES' BRIEF THAT (I) ARE NOT
SUPPORTED BY THE APPELLATE RECORD AND/OR (II)
ASSERT ARGUMENTS NOT RAISED IN THE BANKRUPTCY
<u>COURT BELOW</u>**

Appellant Cooper Industries, LLC (successor by merger to Cooper Industries, Inc.) ("Cooper") hereby submits its motion to strike those portions of the Appellees' Brief that (i) are not supported by the appellate record; and/or (ii) raise legal arguments that the Appellees did not present to the Bankruptcy Court below. In support hereof, Cooper respectfully states as follows:

**I. INTRODUCTION**

Rather than confront the issues actually addressed by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), the Appellees have loaded their Appellees' Brief with extraneous material that is impermissible in an

appellate proceeding. First, the Appellees' Brief is littered with factual contentions that have no support in the appellate record. All such unsupported factual contentions, which are specifically identified below, should be stricken from the Appellees' Brief. Second, the Appellees' Brief contains several legal arguments not raised in the Bankruptcy Court below. Such issues may not be raised for the first time on appeal. This is true even where the party raising such arguments is asserting them in an effort to obtain affirmance of a bankruptcy court's order. As a result, the Court should strike such arguments, which appear at sections I.A through D under the Argument heading in the Appellees' Brief.

## II. ARGUMENT

A.  **The Court Should Strike Each "Factual" Contention That is Not Supported By the Appellate Record**

Federal Rule of Bankruptcy Procedure 8010(a)(1)(D), as applied to appellee briefs by Federal Rule of Bankruptcy Procedure 8010(a)(2), requires that all facts relevant to the issues presented for appellate review be accompanied by "appropriate references to the record." Fed. R. Bank. P. 8010(a)(1)(D). Cooper has identified numerous "factual" contentions in the Appellees' Brief that are not accompanied by citations to the appellate record and for which the appellate record offers no support. . As a result, each of the identified unsupported "factual" contentions should be stricken from the Appellees' Brief. *See Holmberg v. Baxter Healthcare Corp.*, 901 F.2d 1387, 1392 n. 4 (7th Cir. 1990) (striking potions of appellate brief reciting facts that were outside the record); *Citizens Gas & Coke Utility v. Mathews*, Nos. 03-264 (JDTTAB), 03-21333-AJM-13, 2004 WL 2137637, *3 (S.D. Ind. Aug. 13, 2004) (granting motion to strike factual assertions in appellee's brief that refer to matters outside record on appeal); *Enterprise Energy Corp. v. U.S. (In re Columbia Gas Sys., Inc.)*, 146 B.R. 106, 110 n.2

(D. Del. 1992) (items that were not designated in record on appeal not considered by District Court exercising appellate jurisdiction over Bankruptcy Court decision), citing *Ichinose v. Homer Nat. Bank*, 946 F.2d 1169, 1174 (5th Cir. 1991) (appellee has burden of ensuring that record on appeal includes all items relevant and necessary to its position).

The contentions that should be stricken are as follows:

References to the Pneumo Abex Proof of Claim:  In the Appellees' Brief (at pages 9, 17, the entirety of section I.C. from pages 25 to 27, and page 31), the Appellees refer to a proof of claim filed by Pneumo Abex Corporation ("Pneumo Abex") against debtor Federal-Mogul Products, Inc.. Although the Appellees have filed a Motion For Leave To Supplement the Record on Appeal Instanter (the "Supplement Motion") and requested to add this proof of claim to the appellate record, Cooper has objected to that Supplement Motion because Federal Rule of Bankruptcy Procedure 8006 does not provide for a supplemental record designation and the Pneumo Abex proof of claim was not presented to the Bankruptcy Court. *See* Appellant Cooper Industries, LLC's Opposition to Appellees' Motion for Leave to Supplement Record on Appeal Instanter (the "Opposition"), filed March 3, 2005 (D.I. No. 11).  To the extent the Court denies the Supplement Motion, as Cooper has requested, the Court should strike all references to the Pneumo Abex proof of claim, and all arguments based thereon, from the Appellees' Brief at pages 9, 17, the entirety of section I.C. under the Argument heading from pages 25 to 27, and page 31.

Discussion of the Parties Practice and Intent Under the 1994 Asset Purchase Agreement:  In the final paragraph of section II.B of the Appellees' Brief on page 8, the

1093877/3                                    3

Appellees refer to "the practice of the parties" under a 1994 Asset Purchase Agreement, the "the intent of the parties" to that transaction and an assertion about Wagner's ability to assert claims against certain Pneumo Abex insurance policies under certain scenarios. The Appellees' have not cited to the appellate record in support of such contentions, and none of these purported "facts" is actually contained in the appellate record. Thus, the entire paragraph should be stricken.

<u>References to "Preliminary Reports" Concerning Asbestos Claimant Votes</u>: On page 18 of the Appellees' Brief, the Appellees assert that "[p]reliminary reports indicate that a significant number of individual asbestos claimants on behalf of whom Cooper purports to have voting rights appear to have already voted in favor of the Plan." A similar contention appears at the bottom of page 39 of the Appellees' Brief. This contention is unaccompanied by any citation to the appellate record and is devoid of any support whatsoever and should be stricken.

<u>References to Language Cooper Proposed For Inclusion in the Disclosure Statement</u>: In the final paragraph of page 24, and continuing on to the top of page 25, the Appellees make reference to language Cooper proposed for inclusion in the Debtor's Disclosure Statement. Again, those proposals appear nowhere in the appellate record and any reference to those proposals, or any inferences to be drawn from them, should be stricken from the Appellees' Brief.

**B.     The Court Should Strike Each Legal Argument Not Raised By the Appellees in the Bankruptcy Court Below**

In addition to including unsupported factual contentions, the Appellees' Brief contains several arguments (identified below) that the Appellees did not raise in the

Bankruptcy Court. This practice is not permitted on appeal, and the offending arguments should be stricken from the Appellees' Brief.

Numerous cases, from within the Third Circuit and elsewhere, hold that legal arguments that were not raised in the Bankruptcy Court cannot be raised for the first time on appeal. *See, e.g, Barrett v. Commonwealth Fed. Sav. & Loan Ass'n,* 939 F.2d 20, 25 (3d Cir. 1991) ("As a general rule a party may not raise a new issue on appeal."); *Cain v. Mappa (In re Pineview Care Center, Inc.)*, 152 B.R. 703, 710 (D.N.J. 1993) ("The Trustee's remaining arguments were not asserted before the Bankruptcy Court. He is therefore precluded from raising them on appeal."); *Metro. Life Ins. Co. v. Monroe Park (In re Monroe Park)*, 17 B.R. 934, 938-39 (D. Del. 1982) ("Ordinarily, appellate review should be confined to those matters actually raised at the trial level, to discourage belated and unfair efforts to tender a winning argument after an unfavorable ruling has been rendered."); *see also Quenzer v. U.S. (In re Quenzer)*, 19 F.3d 163, 165 (5th Cir. 1993) ("Typically, we will not consider on appeal matters not presented to the trial court."); *Official Unsecured Creditors' Comm. v. Stern (In re SPM Mnfg. Corp.)*, 984 F.2d 1305, 1316 (1st Cir. 1993) ("Issues not raised in the bankruptcy court are ordinarily not considered for the first time on appeal.").[1]

In addition to applying to appellants, the principle that arguments cannot be raised for the first time on appeal "applies to cases where, as here, a party attempts to *justify* a bankruptcy court order with a theory not raised before or considered by the bankruptcy

---

[1] The exception to this principle is if the appellee can show some "extraordinary circumstances" that justified its failure to raise the argument below. *See Barrett*, 939 F.2d at 26. The Appellees have not asserted any such extraordinary circumstance to excuse their failure to raise their new arguments in the Bankruptcy Court below.

court." *In re SPM Mnfg.*, 984 F.2d at 1316 (emphasis added). Thus, an appellee cannot urge a ground for affirmance that was not raised below.[2] *See, e.g., Capital Factors, Inc. v. Kmart Corp.*, 291 B.R. 818, 824-25 (N.D. Ill. 2003). In *Kmart*, the appellees tried to raise a new argument on appeal to justify the bankruptcy court's order. *Id*. at 825. The District Court stated: "We may affirm the bankruptcy court's decision on an alternative ground, *but that ground must have been adequately presented in the bankruptcy court.*" *Id*. at 824 (emphasis added). As a result, the District Court did not allow the new argument. *Id*. at 825; *see also Quenzer*, 19 F.3d at 163 (holding that because issue was not raised by appellee below, "[w]e decline, therefore, the government's invitation that we base affirmance thereon.").

Like other courts, the District Court for the District of Delaware has refused to allow an appellee to raise arguments on appeal that the appellee did not raise to the bankruptcy court. *See United Jersey Bank/Central, N.A. v. Collated Prods. Corp. (In re Collated Prods. Corp.)*, 121 B.R. 195, 205 n.7 (D. Del. 1990), *aff'd*, 937 F.2d 596 (3d Cir. 1991). In *Collated Products*, the appellant bank appealed the bankruptcy court's ruling that the bank did not have a security interest in certain commingled deposit accounts of a debtor. 121 B.R. at 197. In an effort to support the bankruptcy court's ruling, the appellee debtor raised a new argument on appeal concerning the source of the funds. The District Court refused to consider this argument: "Because [appellee]

---

[2] Some parties have tried to contend that this principle applies only to appellants, and not appellees, by citing cases that suggest that a party can urge an alternative grounds for affirmance on appeal. Courts have rejected this argument, however, because those cases "made clear that the grounds for affirmance urged by the prevailing party had been presented to, even though not necessarily relied upon by, the courts below." *Abele v. Mid-Penn Consumer Discount*, 77 B.R. 460, 468 (E.D. Pa. 1987).

concedes it did not advance this argument before the Bankruptcy Court, it is foreclosed from asserting this claim on appeal." *Id.* at 205. n.7; *see also Abele v. Mid-Penn Consumer Disc.*, 77 B.R. 460, 468 (E.D. Pa. 1987) (refusing to consider appellee's argument on appeal when that argument was not raised in the bankruptcy court).

Despite this prohibition, the Appellees have raised several new arguments in their Appellees' Brief that were never presented to the Bankruptcy Court. One of these completely new arguments involves the impact of the Pneumo Abex proof of claim. As noted above, the Appellees have belatedly requested the Court to give them permission to add the Pneumo Abex proof of claim to the appellate record. Cooper objected to that request in its Opposition. However, even if the Court were to allow that Pneumo Abex proof of claim into the appellate record, the Court should still preclude any new argument based on it. At no point during the proceedings in the Bankruptcy Court did the Appellees make any argument concerning the Pneumo Abex proof of claim. As a result, the Court should strike all arguments with respect to it from section I.C at pages 25 to 27 of the Appellees' Brief.

Another entirely new argument that the Appellees raise on this appeal is found in section I.A of the Argument in the Appellees' Brief. There, for the first time, the Appellees argue that allowing Cooper to vote on behalf of each of the 47, 774 claimants it has paid somehow enables Cooper to have both an allowed indemnity claim and an allowed subrogation claim. *See* Appellees' Brief at pp. 19-22. The Appellees never raised such an argument as a reason to deny Cooper its subrogation rights, either in the pleadings or during the argument at the December 2, 2004 hearing before the Bankruptcy Court. In any event, Cooper is not attempting to have both types of claims. Instead, it

has plainly elected to exercise its subrogation rights by casting votes on behalf of the underlying claimants. Nonetheless, if the Appellees were going to challenge Cooper's election, they should have done so in the Bankruptcy Court where the parties could have resolved any factual disputes about this issue. They cannot do so for the first time on appeal, and the Court should strike these new legal arguments from section I.A at pages 19 to 22 of the Appellees' Brief.

      A third new argument the Appellees raise on this appeal is somewhat related to the last argument. At section I.B of the Argument section of the Appellees' Brief, the Appellees contend for the first time that Cooper's subrogation election "is inconsistent with Cooper's conduct in these Chapter 11 cases." *See* Appellees' Brief at p. 22. Therein, the Appellees make various factual contentions, several without support in the appellate record, about what Cooper allegedly has or has not done in this case in terms of asserting its rights. Apparently, although they do not say so directly, the Appellees contend that Cooper has waived its subrogation election. Again, this is without merit because Cooper expressly reserved the right to elect its subrogation remedy in its proof of claim, and Cooper ultimately elected to exercise its subrogation rights. Regardless, Cooper's alleged "conduct" in these cases, and the effect thereof, is necessarily a factual issue. And while the Appellees did make several waiver and estoppel arguments below concerning Cooper's right to vote on the plan and Cooper's right to file a motion to enforce the Bankruptcy Court's voting procedures (all of which the Bankruptcy Court rejected), they never argued in their papers or at the December 2, 2004 hearing that Cooper had waived its right to exercise its subrogation rights. (*See* Objection of Plan Proponents To (A) Motion of Cooper Industries, Inc. (I) To Enforce Voting Procedures

Order Or (II) For An Order Pursuant to Fed. R. Bankr. P. 2018(a) Temporarily Allowing Its Claims For Voting Purposes (Docket No. 6268) and (B) Claims Asserted By Cooper Industries, Inc., attached as Exhibit N to the Appellant Cooper Industries, Inc.'s Statement of the Issues and Designation of Items To Be Included in the Record on Appeal)  Thus, the Appellees' new argument concerning Cooper's alleged "conduct" and any purported waiver of Cooper's subrogation remedy should be stricken from section I.B at pages 22 to 25 of the Appellees' Brief.

The final new argument that the Appellees raise, at section II.A(2) at pages 32 to 33 and 34 to 36 of the Appellees' Brief, concerns the purported effect of the Bankruptcy Court's Bar Date Order.  In Appellee's objection (the "Voting Objection") (Bankruptcy D.I. No. 6425) to Cooper's Motion (I) to Enforce Voting Procedures Order, or (II) for an Order Pursuant to Fed. R. Bank. P. 3018(a) Temporarily Allowing Its Claims for Voting Purposes (Bankruptcy D.I. No. 6268), the Appellees originally argued that Federal Rule of Bankruptcy Procedure 3005 required Cooper to file 47,774 separate proofs of claim in order to vote on behalf of the asbestos claimants. Voting Objection, p. 15.  The Appellees now take a different tack and argue that the Bankruptcy Court's Bar Date Order required Cooper to file 47,774 proofs of claim.  See Appellees' Brief at p. 32.  Although the Appellees made a similar contention in a two sentence footnote in their Voting Motion Objection,[3] the Appellees did not mention this argument at the December 2, 2004 hearing and the Bankruptcy Court did not discuss it.  As a result, the Appellees have forfeited the point and it should be stricken from their brief.  See Robinson v. Tenantry

---

[3] (See Voting Motion Objection, p. 15 n. 9; Appellant Ex. N).

*(In re Robinson)*, 987 F.2d 665, 668 (10th Cir. 1993) ("Generally a party who refers to an issue 'in passing and fails to press it by supporting it with pertinent authority, or by showing why it is sound despite the lack of supporting authority, forfeits the point.'") (*quoting Nunez-Pena v. INS*, 956 F.2d 223, 225 n.4 (10th Cir. 1992)). Again, however, the reason the Appellees abandoned this argument seems clear enough: The Bar Date Order expressly excludes "Asbestos-Related Personal Injury Claims" from its reach. (See Appellees' Exh. C. at 3 n. 3.). Because

WHEREFORE, Cooper respectfully requests that the Court (I) strike from the Appellees' Brief (i) all unsupported factual contentions (a) related to the Pneumo Abex proof of claim at pages 9, 17, the entirety of section I.C. under the Argument heading from pages 25 to 27, and page 31; (b) related to the statement, on pages 18 and 39, that "[p]reliminary reports indicate that a significant number of individual asbestos claimants on behalf of whom Cooper purports to have voting rights appear to have already voted in favor of the Plan."; and (c) related to language Cooper proposed for inclusion in the Debtor's Disclosure Statement mentioned in the final paragraph of page 24 and continuing on the top of page 25; (ii) each new legal argument not raised by the Appellees in the Bankruptcy Court below (a) contained in section I.C at pages 25 to 27 of the Appellees' Brief concerning the Pneumo Abex proof of claim; (b) contained in section I.A. at pages 19 to 22 of the Appellees' Brief concerning Cooper allegedly attempting to have both an indemnity claim and subrogation rights; (c) contained in section I.B at pages 22 to 25 of the Appellees' Brief concerning Cooper's alleged "conduct" being inconsistent with a subrogation election; and (d) contained in section II.A(2) at pages 32 to33 and 34 to 36 of the Appellees' Brief, alleging that Cooper failed to comply with the terms of the

Bar Date Order ; and, (II) grant Cooper such other and further relief to which it is justly entitled.

DATED: March 7, 2005

Respectfully submitted,

**MORRIS, JAMES, HITCHENS & WILLIAMS LLP**

*/s/ Stephen M. Miller*

Stephen M. Miller (DE Bar No. 2610)
222 Delaware Avenue
Wilmington, DE 19801
Telephone: (302) 888-6853
Telecopy: (302) 571-1750
Email: smiller@morrisjames.com

AND

**GIBSON, DUNN & CRUTCHER LLP**
Michael A. Rosenthal
Aaron G. York
Jeremy B. Coffey
2100 McKinney Avenue, Suite 1100
Dallas, Texas 75201
Telephone: (214) 698-3100
Telecopy: (214) 698-3400
Email: mrosenthal@gibsondunn.com
Email: ayork@gibsondunn.com
Email: jcoffey@gibsondunn.com

Attorneys for Cooper Industries, LLC
