IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FEDERAL-MOGUL GLOBAL INC., | ) | Case No. 01-10578 (RTL) |
| T&N LIMITED, *et al.*,[1] | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | |
| COOPER INDUSTRIES, INC., | ) | Civil Action No. 05-41 JHR |
| | ) | |
| Appellant, | ) | |
| | ) | Appeal No. 04-142 |
| v. | ) | |
| | ) | |
| OFFICIAL COMMITTEE OF ASBESTOS | ) | [Related to Docket Nos. 10, 11 + 13] |
| CLAIMANTS, OFFICIAL COMMITTEE OF | ) | |
| UNSECURED CREDITORS, LEGAL | ) | |

---

[1] The U.S. Debtors are Carter Automotive Company, Inc., Federal-Mogul Corporation, Federal-Mogul Dutch Holdings Inc., Federal-Mogul FX, Inc., Federal-Mogul Global Inc., Federal-Mogul Global Properties, Inc., Federal-Mogul Ignition Company, Federal-Mogul Mystic, Inc., Federal-Mogul Piston Rings, Inc., Federal-Mogul Powertrain, Inc., Federal-Mogul Products, Inc., Federal-Mogul Puerto Rico, Inc., Federal-Mogul Tri-Way, Inc., Federal-Mogul U.K. Holdings, Inc., Federal-Mogul Venture Corporation, Federal-Mogul World Wide, Inc., Felt Products Manufacturing Co., FM International LLC, Ferodo America, Inc., Gasket Holdings Inc., J.W.J. Holdings, Inc., McCord Sealing, Inc., and T&N Industries Inc.
The English Debtors are AE Dayton Services Limited, AE Group Machines Limited, AE Holdings Limited, AE International Limited, AE Limited, AE Piston Products Limited, AE Sales (Africa) Limited, Aeroplane & Motor Aluminium Castings Limited, Amber Supervision Limited, Ashburton Road Services Limited, Associated Engineering Group Limited, Awncast Limited, Bearings (North-Western) Limited, Brake Linings Limited, Colvan Rubber Co. Limited, Contact 100 Limited, Cosmid Limited, Cranhold Limited, Dealings Limited, Dumplington Services Limited, Duron Limited, E W Engineering Limited, Edmunds, Walker & Co. Limited, Engineering Components Limited, Federal-Mogul Acquisition Company Limited, Federal-Mogul Aftermarket UK Limited, Federal-Mogul Bradford Limited, Federal-Mogul Brake Systems Limited, Federal-Mogul Bridgwater Limited, Federal-Mogul Camshaft Castings Limited, Federal-Mogul Camshafts Limited, Federal-Mogul Engineering Limited, Federal-Mogul Eurofriction Limited, Federal-Mogul Export Services Limited, Federal-Mogul Friction Products Limited, Federal-Mogul Global Growth Limited, Federal-Mogul Ignition (U.K.) Limited, Federal-Mogul Powertrain Systems International Limited, Federal-Mogul Sealing Systems (Cardiff) Limited, Federal-Mogul Sealing Systems (Rochdale) Limited, Federal-Mogul Sealing Systems (Slough) Limited, Federal-Mogul Sealing Systems Limited, Federal-Mogul Shoreham Limited, Federal-Mogul Sintered Products Limited, Federal-Mogul Systems Protection Group Limited, Federal-Mogul Technology Limited, Federal-Mogul U.K. Limited, Ferodo Caernarfon Limited, Ferodo Limited, FHE Technology Limited, Fleetside Investments Limited, F-M UK Holding Limited, FP Diesel Limited, Friction Materials Limited, G.B. Tools & Components Exports Limited, Genthope Limited, Greet Limited, Halls Gaskets Limited, Hepworth & Grandage Limited, High Precision Equipment Limited, Inblot Limited, Instantwonder Limited, J.W. Roberts Limited, Kings Park Housing Limited, Lalton Limited, Lanoth Limited, Lanoth Precision Equipment Limited, Leeds Piston Ring & Engineering Co. Limited, M.T.A. (Kettering) Limited, Mantro Engineering Co. Limited, Mobile Distributing (Spares) Limited, Moores Plastic Units Limited, Newalls Insulation Company Limited, Ontall Limited, Payen (Europe) Limited, Pecal Limited, Presswork-Components Limited, Sintration Limited, Sourcelook Limited, Specialloid, Limited, STS (1996) Limited, TAF International Limited, T&N Holdings Limited, T&N International Limited, T&N Investments Limited, T&N Limited, T&N Materials Research Limited, T&N Piston Products Group Limited, T&N Properties Limited, T&N Shelf Eight Limited, T&N Shelf Eighteen Limited, T&N Shelf Fifteen Limited, T&N Shelf Five Limited, T&N Shelf Four Limited, T&N Shelf Fourteen Limited, T&N Shelf Nine Limited, T&N Shelf Nineteen Limited, T&N Shelf One Limited, T&N Shelf Seven Limited, T&N Shelf Six Limited, T&N Shelf Sixteen Limited, T&N Shelf Ten Limited, T&N Shelf Thirteen Limited, T&N Shelf Thirty Limited, T&N Shelf Thirty-One Limited, T&N Shelf Thirty-Three Limited, T&N Shelf Three Limited, T&N Shelf Twenty Limited, T&N Shelf Twenty-Eight Limited, T&N Shelf Twenty-Five Limited, T&N Shelf Twenty-Four Limited, T&N Shelf Twenty-Nine Limited, T&N Shelf Twenty-One Limited, T&N Shelf Twenty-Six Limited, T&N Shelf Twenty-Two Limited, T&N Shelf Two Limited, T&N Trade Marks Limited, T&N Welfare Trust Limited, TBA Belting Limited, TBA Belting (Residual) Limited, TBA Industrial Products Limited, Telford Rubber Processors Limited, Telford Technology Supplies Limited, The British Piston Ring Company Limited, The Washington Chemical Company Limited, Tinblo Limited, Touchdown Adhesive Products Limited, Turner & Newall Limited, Turner Brothers Asbestos Company Limited, Tynoda Limited, Vanwall Cars Limited, Wellworthy Limited, Wellworthy Property Developments Limited, and William C. Jones (Polymers) Limited. Unlike all the other English Debtors, T&N Investments Limited is a Scottish rather than English company and has commenced administration proceedings in Scotland rather than England in 2002.

| | |
|---|---|
| REPRESENTATIVE FOR FUTURE ASBESTOS CLAIMANTS, JPMORGAN CHASE BANK, as Administrative Agent, OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS, FEDERAL-MOGUL GLOBAL INC., T&N LIMITED, et al., | ) ) ) ) ) ) ) |
| Appellees. | ) ) |

### APPELLEES' REPLY TO COOPER'S OPPOSITION TO MOTION FOR LEAVE TO SUPPLEMENT RECORD ON APPEAL INSTANTER

Federal-Mogul Global Inc., T&N Limited et al. (collectively and as identified in footnote 1 hereto, the "Debtors"), the Official Committee of Asbestos Claimants, the Legal Representative for Future Asbestos Claimants, the Official Committee of Unsecured Creditors, JPMorgan Chase Bank, as Administrative Agent, and the Official Committee of Equity Security Holders (collectively, the "Appellees") hereby reply to Cooper Industries, LLC's ("Cooper") opposition (the "Opposition") to the Plan Proponents' motion (the "Motion") for leave to supplement the record on appeal by adding the Pneumo Abex Proof of Claim (the "Pneumo POC").

### I. Supplementing the Record On Appeal with the Pneumo POC is Both Permitted and Appropriate Pursuant to the Bankruptcy Rules.

In its opposition to the Appellees' Motion, Cooper contends that a supplemental designation of a record item is not permitted and that it is not appropriate to designate the Pneumo POC as part of the appellate record because, Cooper contends, the Appellees never presented the Pneumo POC to the Bankruptcy Court. Contrary to Cooper's contentions, however, supplementing the appellate record with the Pneumo POC is both permitted and appropriate under the Bankruptcy Rules.

First, the Bankruptcy Rules permit the supplemental designation of an item to be included in the record on appeal. Nothing in Federal Rule of Bankruptcy Procedure 8006, which governs the designation of issues and record items on appeal, precludes a supplemental designation of a record item. Indeed, courts have recognized that parties may supplement the record on appeal with additional items even after the ten-day period specified in Rule 8006 has expired. See In re Dorner, 343 F.3d 910, 914 (7th Cir. 2003) (noting that appellant could have filed motion to supplement contents of appellate record); In re Winslow, 121 B.R. 598, 599 (D. Colo. 1990) (permitting debtors to amend their designation of record to include relevant item); see also In re SB Prop., Inc., 185 B.R. 198, 201 (E.D. Penn. 1995) (noting that failure to timely designate under Rule 8006 is non-jurisdictional defect). Additionally, pursuant to Federal Rule of Bankruptcy Procedure 8019, reviewing courts may suspend the requirements of Rule 8006 "in the interest of expediting decision or for other cause," such as when newly designated items are essential to the court's review of the bankruptcy court's decision. See In re Beck-Rumbaugh Assoc., 80 B.R. 306, 307 (E.D. Penn. 1987). The Pneumo POC is essential to this Court's review for the substantive reasons set forth in Part II, *infra*. Although Cooper contends that the Third Circuit's decision in Abrahams v. Kindred Healthcare, Inc. (In re Vencor, Inc.), No. 03-2670, 2004 WL 843283 (3d Cir. Apr. 21, 2004) (unpublished opinion) (annexed hereto as Exhibit A), requires this Court to reject the Appellees' supplemental designation, Cooper fails to mention that the Third Circuit has designated Vencor as non-precedential and that Vencor is inapposite because the parties in that case were attempting to designate additional *issues on appeal*, rather than additional items to be included in the record on appeal, see id. at *1.

Second, it is appropriate to include the Pneumo POC in the record on appeal because the Bankruptcy Court took judicial notice of all "documents on file in these cases."[2] Order, at 1.; see also Motion at 2-3. Contrary to Cooper's assertions, it does not matter that no party specifically pointed to the Pneumo POC in making their arguments below or that the Bankruptcy Court did not specifically rely upon the Pneumo POC in coming to its decision. See Nantucket Inv. II v. Cal. Fed. Bank (In re Indian Palms Assoc.), 61 F.3d 197, 203 (3d Cir. 1995) (affirming denial of motion to strike documents designated for inclusion in appellate record because, although not presented to or considered by the bankruptcy court, documents had been filed in bankruptcy case record); In re Neshaminy Office Bldg. Assoc., 62 B.R. 798, 802 (E.D. Penn. 1986) (holding that items "not formally moved into evidence" during relevant hearing below were still properly part of record on appeal because those items were part of record in related proceedings); Food Distrib. Ctr. v. Food Fair, Inc. (In re Food Fair Inc.), 15 B.R. 569, 572 (Bankr. S.D.N.Y. 1981) (allowing inclusion of documents in appellate record even though they were "not considered by the trial court in reaching its decision in the matter on appeal."). A reviewing court, such as this Court, may also take judicial notice of any items that have been filed in the bankruptcy proceedings, such as the Pneumo POC. See Indian Palms, 61 F.3d at 205-06 (affirming denial of motion to strike on additional ground of judicial notice); see also Moratzka v. Morris (In re Senior Cottages of Am.), 2005 WL 453125, at *7 (Bankr. D. Minn. Feb. 18, 2005) (noting that court "can take judicial notice of the status of its own claims

---

[2] Even if the Pneumo POC had not been included in the case record below, it would still be appropriate to include it in the record on appeal because reviewing courts have the inherent authority to enlarge the record when demanded by the "interests of justice." See, e.g., Hartford Fire Ins. Co. v. Norwest Bank Minn. (In re Lockwood Corp.), 223 B.R. 170, 174 n.3 (B.A.P. 8th Cir. 1998); see also Dakota Indus., Inc. v. Dakota Sportswear, Inc., 988 F.2d 61, 63-64 (8th Cir. 1993) (permitting inclusion in record on appeal new evidence that corrected appellant's misrepresentation).

register") (annexed hereto as <u>Exhibit B</u>). Based on these grounds, this Court should grant the Appellees' Motion to supplement the record on appeal with the Pneumo POC.

## II. The Claims Asserted by Cooper's Second Amended Proof of Claim Overlap the Claims Asserted by the Pneumo POC.

Cooper also contends that the Pneumo POC is irrelevant to the substantive issues on appeal because, according to Cooper, there is no overlap between the claims asserted by Pneumo Abex and the claims asserted by Cooper in that (1) the nature of the claims asserted by Cooper and Pneumo Abex are different, and (2) to the extent the claims are similar, Pneumo Abex's contingent claim does not overlap with the claims Cooper has paid. Therefore, Cooper contends that it is entitled under section 509 of the Bankruptcy Code to subrogate itself to the rights of the asbestos claimants and to vote their claims pursuant to Bankruptcy Rule 3005.

Contrary to Cooper's contentions, the four corners of the Pneumo POC and Cooper's Second Amended Proof of Claim evidence an overlap between many of the claims asserted by Cooper and the claims asserted by Pneumo Abex. Cooper, by its own admission in the Second Amended Proof of Claim, has not yet paid in full the claims of many of the asbestos claimants. Accordingly, until satisfied in full, these claims are still claims against Pneumo Abex. Pneumo Abex's proof of claim asserting a right of indemnity with respect to these unpaid claims supercedes any proof of claim Cooper has attempted to file on behalf of Pneumo Abex or the unpaid asbestos claimants.

Cooper's Second Amended Proof of Claim purports to assert claims in the names of 47,774 asbestos claimants. According to Cooper, these claimants are listed on Exhibits A1 and B of its Second Amended Proof of Claim. Id. In the Second Amended Proof of Claim, however, Cooper admits that it has not paid the claimants represented on Exhibit A1, which sets

forth the claims of 10,155 asbestos claimants. See Second Amended Proof of Claim, ¶ 17 (acknowledging that the claims on Exhibit A1 will be paid in the future); Exhibit A1, at 10. Furthermore, each page of Exhibit A1 has a caption indicating that all of these claims are "Settled But Not Paid." Thus, Cooper had not paid such claims at the time it filed its Second Amended Proof of Claim and when it purportedly voted against the Plan on behalf of such claimants. Accordingly, these claims remained claims against Pneumo Abex as of the Voting Deadline.

Not only were these Pneumo Abex's claims as of the Voting Deadline, but the Pneumo POC in fact asserted a claim with respect to the asbestos claims. As noted in both the Motion and the Appellees' Brief, the Pneumo POC asserted an indemnification claim for asbestos claims to the extent such claims are not fully paid. Pneumo POC ¶ 25. Thus, the Pneumo POC covered the indemnification claim Pneumo Abex may be able to assert against the Debtors with respect to the 10,155 asbestos claimants until such time as those 10,155 claims have been paid in full by Cooper. Pursuant to Bankruptcy Rule 3005, a proof of claim filed by Pneumo Abex supercedes Cooper's proof of claim filed on behalf of Pneumo Abex for voting purposes and otherwise. Therefore, Cooper cannot vote the claims of the unpaid asbestos claimants with respect to the Plan.

Cooper's subrogation claim with respect to the asbestos claimants fails for the same reasons. A precondition to the section 509(a) subrogation right is payment of the claim. Thus, under no circumstances could Cooper subrogate itself to the rights of the 10,155 asbestos claimants as of the Voting Deadline because Cooper had not fully paid their claims. In addition, with respect to the remaining 37,619 claimants, Cooper has not unequivocally stated that these claims were paid in full or that Cooper garnered a full release of Pneumo Abex. Therefore, if the

Court is inclined to entertain Cooper's subrogation arguments, the Pneumo POC is relevant because under Bankruptcy Rule 3005, the Pneumo POC supercedes Cooper's Second Amended Proof of Claim with respect to the 10,155 unpaid claims and the remaining 37,619 claims to the extent these claims are not fully paid and Pneumo Abex has not received a release. Accordingly, if this Court does want to entertain Cooper's subrogation arguments it should remand this matter to the Bankruptcy Court for the Bankruptcy Court to first subtract the 10,155 claims that have not been paid in full and second make a determination as to the significant factual issues with respect to the remaining 37,619 claims, including whether these claims were paid in full and whether Pneumo Abex was released from these claims by the asbestos claimants.

*[Remainder of Page Intentionally Left Blank]*

Thus, for all of the reasons stated herein and in the Motion, this Court should grant the Appellees' motion to supplement the record on appeal with the Pneumo POC.

Dated: March 10, 2005

Respectfully submitted,

PACHULSKI, STANG, ZIEHL, YOUNG, JONES
& WEINTRAUB P.C.

/s/ James E. O'Neill /by CHH/

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

—and—

SIDLEY AUSTIN BROWN & WOOD LLP
James F. Conlan
Larry J. Nyhan
Kevin T. Lantry
Kenneth P. Kansa
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

Attorneys for Debtors and Debtors-in-Possession