# EXHIBIT A

Westlaw.

98 Fed.Appx. 93  
98 Fed.Appx. 93, 2004 WL 843283 (3rd Cir.(Del.))  
(Cite as: 98 Fed.Appx. 93, 2004 WL 843283 (3rd Cir.(Del.)))

Page 1

H

**Briefs and Other Related Documents**

This case was not selected for publication in the Federal Reporter.

NOT PRECEDENTIAL

Please use FIND to look at the applicable circuit court rule before citing this opinion. Third Circuit Local Appellate Rule 28.3(a) and Internal Operating Procedure 5.3. (FIND CTA3 Rule 28.0 and CTA3 IOP APP I 5.3.)

United States Court of Appeals,  
Third Circuit.  
In re: VENCOR INC., et al., Debtor.  
Charles L. Abrahams; Eli-Anne Phillips-Minks,  
Appellants,  
v.  
Kindred Healthcare Inc. f/k/a Vencor Inc. David Buckbiner, Trustee.  
No. 03-2670.

Submitted Under Third Circuit LAR 34.1(a) April 12, 2004.  
Decided April 21, 2004.

**Background:** Following confirmation of their reorganization plan and determination that government had authority to settle prepetition qui tam action against debtors, debtors moved to disallow proofs of claim filed by relator from qui tam action and relator's attorney. The Bankruptcy Court granted motion. Relator and attorney appealed, and debtors moved, inter alia, to dismiss appeal. The United States District Court for the District of Delaware, Gregory M. Sleet, J., 2003 WL 2004385, granted motion. Relator and attorney appealed.

**Holdings:** The Court of Appeals, Rendell, Circuit Judge, held that:  
(1) Court of Appeals lacked jurisdiction to consider either merits of order addressing government's settlement authority or district court's jurisdiction to issue such order;  
(2) Court of Appeals lacked jurisdiction to consider issues related to prior order confirming debtors' proposed plan of organization; and  
(3) bankruptcy rules did not allow relator and attorney to file corrected designation of the record on appeal and clarification of issues on appeal.  
Affirmed.

West Headnotes

[1] Bankruptcy ☞2060.1  
51k2060.1 Most Cited Cases  
On subsequent appeal from Delaware bankruptcy court's disallowance of proofs of claim that were filed by relator and relator's attorney in connection with qui tam action brought against debtors in California federal district court, Court of Appeals lacked jurisdiction to consider either merits of California court's order indicating that government had authority to settle relator's qui tam action or that court's jurisdiction to issue such order; Court of Appeals for circuit embracing California court's district was proper court with which to lodge appeal in qui tam action. 28 U.S.C.A. § 1294.

[2] Bankruptcy ☞3773  
51k3773 Most Cited Cases

[2] Bankruptcy ☞3779  
51k3779 Most Cited Cases  
On subsequent appeal from bankruptcy court's disallowance of proofs of claim arising out of relator's qui tam action against debtors, Court of Appeals lacked jurisdiction to consider issues related to prior order confirming debtors' proposed plan of organization, given failure of relator and his attorney in qui tam action to seek to revoke or appeal order of confirmation before deadline. Bankr.Code, 11 U.S.C.A. § 1144; 28 U.S.C.A. § 157(d); 31 U.S.C.A. § 3730(c)(3); Fed.Rules Bankr.Proc.Rule 8002, 11 U.S.C.A.

[3] Bankruptcy ☞3777

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

98 Fed.Appx. 93                                                                                    Page 2
98 Fed.Appx. 93, 2004 WL 843283 (3rd Cir.(Del.))
**(Cite as: 98 Fed.Appx. 93, 2004 WL 843283 (3rd Cir.(Del.)))**

51k3777 Most Cited Cases
Bankruptcy rules did not allow claimants to file corrected designation of the record on appeal and clarification of issues on appeal when debtors, as appellees, did not file cross-appeal. Fed.Rules Bankr.Proc.Rule 8006, 11 U.S.C.A.

[4] **Bankruptcy** $\Longleftrightarrow$ 3777
51k3777 Most Cited Cases
Claimants' corrected designation of the record on appeal and clarification of issues on appeal, which was filed 20 days after debtors filed counter-designation, was untimely under rule, which provided for 10-day filing period, and untimeliness was not excused by counsel's explanation that he was out of the country and his temporary secretary failed to follow office procedure. Fed.Rules Bankr.Proc.Rule 8006, 11 U.S.C.A.

*94 Appeal from the United States District Court for the District of Delaware. (D.C. Civil No. 03-cv-00004). District Judge: Honorable Gregory M. Sleet.

Charles L. Abrahams, San Diego, CA, for Appellants.

William H. Sudell, Jr., Morris, Nichols, Arsht & Tunnell, Wilmington, DE, Thomas J. Moloney, Lindsee P. Granfield, New York, NY, for Appellee.

Before RENDELL, COWEN and LAY, [FN*] Circuit Judges.

> FN* Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation.

*95 OPINION OF THE COURT

RENDELL, Circuit Judge.

**1 Appellants Charles L. Abrahams and Eli-Ane Phillips-Minks challenge an order of the District Court granting Appellee Debtors' motion to dismiss an appeal of an order of the Bankruptcy Court disallowing proof of claims filed by the Appellants in a bankruptcy action. We will affirm.

Appellant Phillips-Minks filed a *qui tam* action against the Debtors in the District Court for the Southern District of California ("the California court"). Subsequently, Debtors filed bankruptcy petitions in the Bankruptcy Court for the District of Delaware. Appellants then filed proofs of claim based upon the allegations of the Phillips-Minks *qui tam* action and fees incurred by Abrahams during his representation of Phillips-Minks. As part of the Debtors' proposed Plan of Reorganization, the Debtors and the government settled a number of *qui tam* actions, including the one filed by Appellants. Appellants objected to the proposed Plan of Reorganization. On March 19, 2001, the Bankruptcy Court issued an order confirming the Plan, with the settlement of the Appellant's *qui tam* action effective to the extent that the government had authority to settle the *qui tam* action, noting that the California court could determine whether the government had the authority to settle the *qui tam* action. Appellants did not appeal this order.

The government moved to intervene in the *qui tam* action in the California court. The court allowed the government to intervene and, subsequently, found that the government had the authority to settle the action. Appellants did not appeal this order.

Debtors then filed a request with the Bankruptcy Court to disallow Appellants' proofs of claim. The Bankruptcy Court issued an order disallowing the proofs of claim, based on that court's order confirming the Plan and the California court's order confirming the government's authority to settle the *qui tam* action. Appellants did appeal this order, and filed a Designation of the Contents for Inclusion in the Record, pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure. This Designation listed seven issues for appeal. Also pursuant to Rule 8006, the Appellees filed a Counter Designation in response to the Appellants' Designation, but did not file a cross appeal. Despite this, however, the Appellants filed a Corrected Designation of Record and Clarification of Issues on Appeal, which listed a total of 67 issues for appeal, seven of which had been included in the first Designation. Debtors subsequently filed a motion with the District Court to dismiss the appeal and/or strike the Corrected Designation. The Court granted the motion. Appellants now appeal from the District Court's order granting Debtors' motion to dismiss the appeal.

The Bankruptcy Court had jurisdiction to enter the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

98 Fed.Appx. 93
98 Fed.Appx. 93, 2004 WL 843283 (3rd Cir.(Del.))
**(Cite as: 98 Fed.Appx. 93, 2004 WL 843283 (3rd Cir.(Del.)))**

Page 3

order disallowing the proofs of claim pursuant to 28 U.S.C. § 157. The District Court had appellate jurisdiction pursuant to 28 U.S.C. § 158(a). We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

**2 [1] Appellants raise issues in relation to (1) the order of the California court, (2) the Bankruptcy Court's order confirming the Plan of Reorganization, and (3) the Corrected Designation. With respect to the order of the California court, Appellants contest (a) the court's determination that the government had the authority to settle the *qui tam* action, (b) the court's jurisdiction and impartiality, and (c) the court's "violation" of the automatic stay. However, we need not analyze this set of issues, as we do not have jurisdiction to *96 consider either the merits of the California court's order or its jurisdiction to issue such an order. Had Appellants wished to appeal the order, the Court of Appeals for the Ninth Circuit was the proper court with which to lodge that appeal. *See* 28 U.S.C. § 1294 ("appeals from reviewable decisions of the district and territorial courts shall be taken to the courts of appeals ... from a district court of the United States to the court of appeals for the circuit embracing the district ...").

[2] We reach a similar conclusion with respect to the several issues raised regarding the Bankruptcy Court's order confirming the Plan of Reorganization. Appellants contest (a) the Bankruptcy Court's application of 31 U.S.C. § 3730(c)(3), (b) the Bankruptcy Court's authority to leave the issue of the government's authority to settle the *qui tam* action to the California court, (c) the Bankruptcy Court's application of 28 U.S.C. § 157(d), and (d) the Bankruptcy Court's determination that the settlement was fair and adequate. We conclude that we do not have jurisdiction to consider issues related to the confirmation order, as Appellants failed to appeal that order. Had Appellants wished to revoke or appeal the order of confirmation, they should have taken action to do so before the applicable deadline. *See* 11 U.S.C. § 1144 (2004) (providing that a court may revoke an order of confirmation if a motion is made to do so within 180 days after the date of entry of the order, "if and only if such order was procured by fraud"); Fed. R. Bankr.P. 8002 (providing that a notice of appeal must be filed with the District Court or Bankruptcy Appellate Panel "within 10 days of the date of entry of the judgment, order, or decree appealed from"). We will not allow Appellants to avoid the consequences of their failure by considering issues related to the confirmation order on appeal from an order disallowing proofs of claim.

[3] Finally, Appellants assert that the District Court erred in granting Debtors' motion to strike the Corrected Designation. Under Federal Rule of Bankruptcy Procedure 8006, there is no provision for a "Corrected" Designation. An appellant must file a "designation of the items to be included in the record on appeal and a statement of the issues to be presented" within 10 days of filing a notice appeal of a Bankruptcy Court decision. Fed. R. Bankr.P. 8006. Within 10 days of the filing of this statement, the appellee must file a cross-designation of additional items to be included in the record, and, if the appellee wishes to cross appeal, a statement of issues. *Id.* If the appellee files a cross-appeal, "a cross appellee may, within 10 days of service of the cross appellant's statement, file and serve on the cross appellant a designation of additional items to be included in the record." *Id.* Thus, the appellant is only permitted to file an additional designation if the appellee has filed a cross appeal. Here, Appellees did not file a cross appeal, and therefore Appellants were not permitted to file the Corrected Designation of Record and Clarification of Issues on Appeal.

**3 [4] Furthermore, as the District Court notes, even if Appellants had been permitted by the rule to file an additional designation, they filed the Corrected Designation too late. Rule 8006 plainly states that the cross appellee must file its designation of additional items within 10 days of service of the cross appellant's statement. Appellants filed the Corrected Designation on December 22, 2002, twenty days after the Appellees filed their Counter Designation on December 2, 2002. Therefore, even if a corrected designation were permitted under Rule 8006, Appellants exceeded the time limitation for doing so. *97 As the District Court explained, Appellants' counsel's excuses for not filing on time--that he was out of the country and that his temporary secretary did not follow office procedure--are not sufficient circumstances to justify the delay. In any event,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

98 Fed.Appx. 93
98 Fed.Appx. 93, 2004 WL 843283 (3rd Cir.(Del.))
(Cite as: 98 Fed.Appx. 93, 2004 WL 843283 (3rd Cir.(Del.)))

Page 4

however, the timeliness of the filing of the Corrected Designation is irrelevant, because, as discussed above, Rule 8006 only allows for a cross appellee to file an additional designation in response to a cross appeal. No cross appeal was filed here.

Accordingly, we will AFFIRM the order of the District Court.

98 Fed.Appx. 93, 2004 WL 843283 (3rd Cir.(Del.))

**Briefs and Other Related Documents (Back to top)**

. 03-2670  (Docket)

(Jun. 09, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.