IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

In re:

FEDERAL MOGUL ET AL.,

        Debtors.

COOPER INDUSTRIES,

        Appellant,

v.

FEDERAL MOGUL GLOBAL ET AL.,

        Appellees.

CIVIL ACTION NO. 05-41 JHR

Bankruptcy Case 01-10578

## APPELLANT COOPER INDUSTRIES, LLC'S MOTION FOR PROCEDURAL ORDER AUTHORIZING THE FILING OF SUPPLEMENTAL BRIEF CONCERNING BANKRUPTCY CODE SECTION 509(b)(2)

Appellant Cooper Industries, LLC (successor by merger to Cooper Industries, Inc.) ("Cooper") hereby submits its motion to file the attached Supplemental Brief of Cooper Industries, LLC Concerning Bankruptcy Code Section 509(b)(2) (the "Supplemental Brief"). In support hereof, Cooper states as follows:

1.  At the oral argument held with respect to this appeal on June 6, 2005, the appellee debtors (the "Appellees") in this case based nearly the entirety of its argument against Cooper's right to subrogate itself to the asbestos tort plaintiffs, through Pneumo Abex Corporation ("Pneumo"), on an entirely new theory. In particular, the Appellees claimed that section 509(b)(2) of the Bankruptcy Code precluded Pneumo (through whom Cooper is claiming rights) from subrogating itself to the rights of the asbestos tort plaintiffs. The Appellees had never

1204690/1

raised this theory in the Bankruptcy Court, or in the briefs filed in this Court. Although Cooper addressed, at the oral argument, why the Appellees' new theory did not apply, that explanation was necessarily truncated due to the surprise nature of the circumstances in which the new theory arose.

2. Because the Appellees had not previously raised this theory, this Court could easily elect not to consider it in this appeal for the reasons Cooper has previously articulated in Cooper Industries, LLC's Motion to Strike Portions of Appellees' Brief That (I) Are Not Supported By the Appellate Record and/or (II) Assert Arguments Not Raised in the Bankruptcy Court Below, which is pending at Docket Number 12. However, if the Court elects to consider this new theory, it is only fair to allow Cooper to respond to it more fully.

3. Cooper therefore requests the Court's permission to file the Supplemental Brief, a copy of which is attached as Exhibit A. Cooper believes that the Supplemental Brief will benefit the Court in understanding precisely why section 509(b)(2) of the Bankruptcy Code does not operate to preclude any of the subrogation rights being asserted.

[Remainder of page intentionally left blank.]

WHEREFORE, Cooper respectfully requests that the Court (a) enter an order, in substantially the form annexed hereto as Exhibit B, authorizing Cooper to file the Supplemental Brief annexed hereto as Exhibit A; and (b) grant Cooper such other and further relief to which it is justly entitled.

DATED: June 9, 2005                    Respectfully submitted,

                             **MORRIS, JAMES, HITCHENS & WILLIAMS LLP**

                             */s/ Stephen M. Miller*
                             Stephen M. Miller (DE Bar No. 2610)
                             222 Delaware Avenue
                             Wilmington, DE  19801
                             Telephone:  (302) 888-6853
                             Telecopy:  (302) 571-1750
                             Email:  smiller@morrisjames.com

                             AND

                             **GIBSON, DUNN & CRUTCHER LLP**
                             Michael A. Rosenthal
                             Aaron G. York
                             2100 McKinney Avenue, Suite 1100
                             Dallas, Texas 75201
                             Telephone:  (214) 698-3100
                             Telecopy:  (214) 698-3400
                             Email:  mrosenthal@gibsondunn.com
                             Email:  ayork@gibsondunn.com
                             Email:  jcoffey@gibsondunn.com

                             Attorneys for Cooper Industries, LLC

1204690/1