## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

In re:

      FEDERAL MOGUL ET AL.,

            Debtors.

COOPER INDUSTRIES,

            Appellant,

v.

FEDERAL MOGUL GLOBAL ET AL.,

            Appellees.

CIVIL ACTION NO. 05-41 JHR

Bankruptcy Case 01-10578

Third Circuit Appeal No. 05-3495

## APPELLANT COOPER INDUSTRIES, LLC'S STATEMENT OF THE ISSUES TO BE PRESENTED ON APPEAL AND DESIGNATION OF THE RECORD TO BE CERTIFIED AND SENT TO THE CIRCUIT CLERK

Appellant Cooper Industries, LLC (successor by merger to Cooper Industries, Inc.) ("Cooper"), pursuant to Fed. R. App. P. 6(b)(2)(B)(i), hereby submits this Statement of the Issues To Be Presented on Appeal and Designation of the Record To Be Certified and Sent To the Circuit Clerk in connection with Cooper's Notice of Appeal, filed on July 25, 2005 [District Court Docket #27], concerning this Court's Order and accompanying Opinion dated June 28, 2005 [District Court Docket # 26]:

### Statement of the Issues on Appeal

1.      Did the District Court err in affirming the Bankruptcy Court's ruling that Cooper was entitled to vote only one claim against debtor Federal-Mogul Products, Inc. ("FM Products") in Class J of FM Products' proposed Third Amended Joint Plan of Reorganization (the "Plan")?

2.      Did the District Court err in affirming the Bankruptcy Court's ruling that Cooper was not entitled, on behalf of certain asbestos claimants of FM Products, to vote 47,774 claims in Class J of FM Products' Plan?

3.      Did the District Court err in affirming the Bankruptcy Court's ruling that Cooper could not subrogate itself to the rights of Pneumo Abex Corporation ("Pneumo") to cast a separate vote on behalf of each asbestos claimant satisfied by Cooper and Pneumo and as to which FM Products is co-liable?

4.      Did the District Court err in denying Cooper's Motion for Procedural Order Authorizing the Filing of Supplemental Brief Concerning Bankruptcy Code Section 509(b)(2), even though the appellees raised a defense under section 509(b)(2) for the first time during the appellate oral argument?

5.      Did the District Court err in permitting the appellees to raise new alleged affirmative defenses to Cooper's subrogation rights that were neither presented to nor considered by the Bankruptcy Court?

6.      Did the District Court err in ruling that Cooper could not, in a proof of claim, reserve its election as between Bankruptcy Code Sections 502 and 509 and then choose the most advantageous section?

7.      Did the District Court err in ruling that the creditor, under Fed. R. Bankr. P. 3005, is not Pneumo, but rather, the asbestos personal injury claimants?

8.      Did the District Court err in ruling that because Cooper was not co-liable on an asbestos claim against the debtors it is not entitled to be subrogated to Pneumo's rights?

9.      Did the District Court err in ruling that Pneumo has direct "primary" liability to the asbestos claimants?

10.     Did the District Court err in not concluding that, as between Pneumo and FM Products, FM Products is the entity ultimately responsible for the costs associated with the asbestos claims due to FM Products' agreement to assume, and indemnify Pneumo from, the liability to the asbestos claimants?

11.     Did the District Court err in ruling that Cooper has not established that FM Products contractually assumed Pneumo's asbestos liability as part of the 1994 Asset Purchase Agreement?

12.     Did the District Court err in ruling that, as between Pneumo and FM Products, Pneumo is the entity that 'received the consideration' for the asbestos claims under section 509(b)(2), and that this alleged fact alone means that Pneumo (and Cooper as the subrogee to Pneumo) is prohibited from asserting a right of subrogation under section 509?

13.     Did the District Court err in ruling that the equities would not support Cooper having 47,774 votes in Class 5J?

**Designation of the Record To Be Certified and Sent to the Circuit Clerk**

Appellant Cooper hereby submits the following designation of the record to be certified and sent to the Circuit clerk:

**A.     Bankruptcy Court Record Items[1]**

1.     Proof of Claim filed by Cooper Industries, Inc., Cooper Industries (Canada) Inc. and "Affiliates" against Federal Mogul Corporation

Date: March 1, 2003

---

[1] Each of the following Bankruptcy Court Record Items should be available to the clerk in the five boxes located at District Court Docket Entries #2 and #3. Appellant can produce copies of any of the following documents at the request of the clerk.

Bankruptcy Court Docket No.:  n/a (filed with Court-approved Claims and Voting Agent)

2.      Proof of Claim filed by Cooper Industries, Inc., Cooper Industries (Canada) Inc. and "Affiliates" against Federal Mogul Products, Inc.

Date:  March 1, 2003

Bankruptcy Court Docket No.:  n/a (filed with Court-approved Claims and Voting Agent)

3.      Cooper Industries, Inc.'s Objection to Motion of Debtors and Debtors In Possession For An Order (I) Establishing Procedures For Solicitation and Tabulation of Votes To Accept Or Reject the Plan of Reorganization; (II) Approving Forms of Ballots; (III) Approving the Form and Scope of Notice of the Plan and Confirmation Hearing; (IV) Establishing a Record Date For Voting Purposes Only; and (V) Approving Retention of Voting Agent

Date:  May 6, 2004

Bankruptcy Court Docket No.:  4959

4.      Cooper Industries, Inc.'s Objection to Disclosure Statement

Date:  May 6, 2004

Bankruptcy Court Docket No.:  4956

5.      Third Amended Joint Plan of Reorganization [proposed] (without exhibits)

Date:  June 4, 2004

Bankruptcy Court Docket No.:  5121

6.      Disclosure Statement Describing Third Amended Joint Plan of Reorganization (without exhibits)

Date:  June 4, 2004

Bankruptcy Court Docket No.:  5122

7.      Order (I) Establishing Procedures For Solicitation and Tabulation of Votes To Accept Or Reject Amended Joint Plan of Reorganization; (II) Approving Forms of Ballots; (III) Approving the Form and Scope of Notice of the Plan and Confirmation Hearing; (IV) Establishing a Record Date For Voting Purposes Only; and (V) Approving Retention of Voting Agent

Date:  June 14, 2004

Bankruptcy Court Docket No.: 5153

8.   Amended Proof of Claim filed by Cooper Industries, Inc., Cooper Industries (Canada) Inc. and "Affiliates" against Federal Mogul Corporation

     Date: July 12, 2004

     Bankruptcy Court Docket No.: n/a (filed with Court-approved Claims and Voting Agent)

9.   Amended Proof of Claim filed by Cooper Industries, Inc., Cooper Industries (Canada) Inc. and "Affiliates" against Federal Mogul Products, Inc.

     Date: July 12, 2004

     Bankruptcy Court Docket No.: n/a (filed with Court-approved Claims and Voting Agent)

10.  Second Amended Proof of Claim filed by Cooper Industries, Inc., Cooper Industries (Canada) Inc. and "Affiliates" against Federal Mogul Corporation

     Date: November 2, 2004

     Bankruptcy Court Docket No.: n/a (filed with Court-approved Claims and Voting Agent)

11.  Second Amended Proof of Claim filed by Cooper Industries, Inc., Cooper Industries (Canada) Inc. and "Affiliates" against Federal Mogul Products, Inc.

     Date: November 2, 2004

     Bankruptcy Court Docket No.: n/a (filed with Court-approved Claims and Voting Agent)

12.  Ballots Cast By Cooper Industries, Inc. With Respect to Federal-Mogul Corporation, Federal-Mogul Products, Inc., F-M UK Holding Limited and FM International LLC

     Date: November 2, 2004

     Bankruptcy Court Docket No.: n/a (filed with Court-approved Claims and Voting Agent)

13.  Cooper Industries, Inc.'s Motion (I) To Enforce Voting Procedures Order, Or (II) For An Order Pursuant to Fed. R. Bankr. P. 3018(a) Temporarily Allowing Its Claims For Voting Purposes

     Date: November 3, 2004

     Bankruptcy Court Docket No.: 6268

14.    Objection of Plan Proponents to (A) Motion of Cooper Industries, Inc. (I) To Enforce Voting Procedures Order, Or (II) For An Order Pursuant to Fed. R. Bankr. P. 3018(a) Temporarily Allowing Its Claims For Voting Purposes (Docket No. 6268) and (B) Claims Asserted By Cooper Industries, Inc.

Date:  November 22, 2004

Bankruptcy Court Docket No.:  6425

15.    Order (granting Cooper Industries, Inc.'s Motion For Leave To File Reply In Support of its Motion (I) To Enforce Voting Procedures Order, Or (II) For An Order Pursuant to Fed. R. Bankr. P. 3018(A) Temporarily Allowing Its Claims For Voting Purposes)

Date:  December 1, 2004

Bankruptcy Court Docket No.:  6493

16.    Cooper Industries, Inc.'s Reply to Objection of Plan Proponents to (A) Motion of Cooper Industries, Inc. (I) To Enforce Voting Procedures Order, Or (II) For An Order Pursuant to Fed. R. Bankr. P. 3018(a) Temporarily Allowing Its Claims For Voting Purposes (Docket No. 6268) and (B) Claims Asserted By Cooper Industries, Inc. (Re:  Docket Nos. 6268 and 6425)

Date:  December 1, 2004

Bankruptcy Court Docket No.:  6495

17.    Transcript of Telephonic Conference Before the Honorable Raymond T. Lyons, Jr., United States Bankruptcy Judge on December 2, 2004

Date:  December 8, 2004

Bankruptcy Court Docket No.:  6675

18.    Order Granting In Part and Denying In Part Cooper Industries, Inc.'s Motion (I) To Enforce Voting Procedures Order, Or (II) For An Order Pursuant to Fed. R. Bankr. P. 3018(a) Temporarily Allowing Its Claims For Voting Purposes [Re Docket No. 6268]

Date:  December 16, 2004

Bankruptcy Court Docket No.:  6645

19.    Cooper Industries, Inc.'s Notice of Appeal [to District Court]

Date:  December 23, 2004

Bankruptcy Court Docket No.: 6713

**B.     District Court Record Items[2]**

20.     Opening Brief of Appellant Cooper Industries, LLC

Date: February 9, 2005

District Court Docket No.: 7

21.     Appendix to Opening Brief of Appellant Cooper Industries, LLC

Date February 9, 2005

District Court Docket No.: 8

22.     Appellees' Brief

Date: February 22, 2005

District Court Docket No.: 9

23.     Appellees' Motion for Leave To Supplement Record on Appeal Instanter

Date: February 25, 2005

District Court Docket No.: 10

24.     Appellant Cooper Industries, LLC's Opposition to Appellees' Motion for Leave to Supplement Record on Appeal Instanter

Date: March 3, 2005

District Court Docket No.: 11

25.     Appellant Cooper Industries, LLC's Motion to Strike Portions of Appellees' Brief That (I) Are Not Supported by the Appellate Record And/Or (II) Assert Arguments Not Raised In the Bankruptcy Court Below

---

[2] Each of the following District Court Record Items should be available to the clerk at the respective docket numbers listed below. Appellant can produce copies of any of the following documents at the request of the clerk.

Date:  March 7, 2005

District Court Docket No.:  12

26.    Reply Brief of Appellant Cooper Industries, LLC

Date:  March 7, 2005

District Court Docket No.:  13

27.    Appellees' Reply to Cooper's Opposition to Motion for Leave to Supplement Record on Appeal Instanter

Date:  March 10, 2005

District Court Docket No.:  14

28.    Appellees' Response to Cooper's Motion to Strike Portions of Appellees' Brief

Date:  March 17, 2005

District Court Docket No.:  17

29.    Appellant Cooper Industries, LLC's Reply in Support of Its Motion to Strike Portions of Appellees' Brief that (I) Are Not Supported by the Appellate Record And/Or (II) Assert Arguments Not Raised in the Bankruptcy Court Below

Date:  March 23, 2005

District Court Docket No.:  19

30.    Appellant Cooper Industries, LLC's Motion for Procedural Order Authorizing the Filing of Supplemental Brief Concerning Bankruptcy Code Section 509(b)(2)

Date:  June 9, 2005

District Court Docket No.:  22

31.    Transcript of Appellate Argument held June 6, 2005

Date:  June 13, 2005

District Court Docket No.:  23

32.    Appellees' (I) Opposition to Appellant Cooper Industries, LLC's Motion for Procedural Order Authorizing Filing of Supplemental Brief, and (II) Reply to Supplemental Brief

Date  June 15, 2005

District Court Docket No.:  24

33.    Appellant Cooper Industries, LLC's Reply in Support of Motion for Procedural Order Authorizing the Filing of Supplemental Brief Concerning Bankruptcy Code Section 509(b)(2)

Date:  June 22, 2005

District Court Docket No.:  25

34.    Opinion and Order

Date  June 28, 2005

District Court Docket No.:  26

35.    Cooper Industries, LLC's Notice of Appeal to United States Court of Appeals For The Third Circuit

Date:  July 25, 2005

District Court Docket No.:  27

Dated:  August 5, 2005

                              **MORRIS, JAMES, HITCHENS**
                              **& WILLIAMS LLP**

                              *Thomas M. Klein*
                              _____
                              Stephen M. Miller (DE Bar No. 2610)
                              Thomas M. Horan (DE Bar No. 4641)
                              222 Delaware Avenue
                              Wilmington, DE  19801
                              Telephone:  (302) 888-6853
                              Telecopy:  (302) 571-1750
                              Email:  smiller@morrisjames.com
                              Email:  thoran@morrisjames.com

                              AND

**GIBSON, DUNN & CRUTCHER LLP**
Michael A. Rosenthal
Aaron G. York
2100 McKinney Avenue, Suite 1100
Dallas, Texas 75201
Telephone:  (214) 698-3100
Telecopy:  (214) 698-3400
Email:  mrosenthal@gibsondunn.com
Email:  ayork@gibsondunn.com

ATTORNEYS FOR COOPER INDUSTRIES, LLC

## CERTIFICATE OF SERVICE

I, Thomas M. Horan, hereby certify that on this 5th day of August, 2005 I caused one true

and correct copy of the **Designation of Record on Appeal and Statement of Issues** to be served

upon the following individuals below in the manner indicated thereon.

_____
Thomas M. Horan, Esquire

**VIA HAND DELIVERY**

James E. O'Neill, III
Pachulski, Stang, Ziehl, Young & Jones
919 North Market Street, Suite 1600
P. O. Box 8705
Wilmington, DE 19899-8705
*Counsel for Federal-Mogul Global, Inc. and
T & N Limited, et al*

Marla Rosoff Eskin
Campbell & Levine
800 North King Street, Ste 300
Wilmington, Delaware 19801
*Counsel for Official Committee of Asbestos
Claimants*

Eric Michael Sutty
The Bayard Firm
222 Delaware Avenue, Ste 900
P. O. Box 25130
Wilmington, DE 19899
*Counsel for Official Committee of
Unsecured Creditors*

James L. Patton, Jr.
Young Conaway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899
*Counsel for Legal Representative for
Future Asbestos Claimants*

Mark David Collins
Richards Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, DE 19899
*Counsel for JPMorgan Chase Bank, as
Administrative Agent*

Ian Connor Bifferato
Bifferato, Gentilotti & Biden
1308 Delaware Avenue
P. O. Box 2165
Wilmington, DE 19899
*Counsel for Official Committee of Equity
Security Holders*

WSM/108102-0001/1266680/1

**VIA FIRST CLASS MAIL**

Larry Nyhan
James F. Conlan
Kevin T. Lantry
Kenneth P. Kansa
Sidley, Austin, Brown & Wood
Bank One Plaza
10 South Dearborn
Chicago, IL 60603
*Counsel for Federal-Mogul Global, Inc. and
T & N Limited, et al*

Catherine L. Cooksey
Richard T. Peters
Sidley Austin Brown & Wood
555 West 15th Street, Ste 4000
Los Angeles, CA 90013
*Counsel for Federal-Mogul Global, Inc. and
T & N Limited, et al*

Steven M. Fuhrman
Simpson Thacher & Bartlett
425 Lexington Avenue
New York, NY 10017
*Counsel for JPMorgan Chase Bank, as
Administrative Agent*

Michael Yetnikoff
David Heroy
Bell, Boyd & Lloyd
70 West Madison Street
Three First National Plaza, Ste 3300
Chicago, IL 60602
*Counsel for Official Committee of Equity
Security Holders*

Elihu Inselbuch
Caplin & Drysdale
399 Park Avenue
New York, NY 10022
*Counsel for Official Committee of Asbestos
Claimants*

Robert B. Millner
Thomas A. Labuda, Jr.
Sonnenschein, Nath & Rosenthal
8000 Sears Tower
Chicago, IL 60606
*Counsel for Official Committee of
Unsecured Creditors*

Peter D. Wolfson
John A. Bicks
Sonnenschein, Nath & Rosenthal
1221 Avenue of the Americas
24th Floor
New York, NY 10020
*Counsel for Official Committee of
Unsecured Creditors*

WSM/108102-0001/1266680/1